IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02485-WDM-BNB

BRADLEY DEWITT,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendants.

## ORDER ON MOTION TO DISMISS THIRD CLAIM FOR RELIEF

Miller, J.

This matter is before me on the Defendant's Motion to Dismiss Plaintiff's Third Claim for Relief (doc no 4). Plaintiff opposes the motion. Upon review of the parties' filings, I conclude oral argument is not required. For the reasons that follow, the motion will be denied.

### Background

Jurisdiction in this matter is based on diversity. 28 U.S.C. § 1332. Defendant provided workers' compensation insurance for Plaintiff's employer. Plaintiff alleges that after he suffered a work-related injury, Defendant acted in bad faith by, *inter alia*, failing to timely provide Plaintiff with lost wage payments; attempting to interview Plaintiff on multiple occasions, shortly following the accident while he was hospitalized and under the influence of medications; unilaterally reducing lost wage payments based upon an alleged safety violation; failing to preserve evidence on a critical matter; failing to timely

reimburse Plaintiff for expenditures he has made for covered benefits; failing to promptly respond to communications from or concerning Plaintiff; and favoring its interests over those of the Plaintiff. Complaint at ¶ 11.

Plaintiff's Complaint asserts three claims for relief: (1) bad faith breach of insurance contract; (2) intentional infliction of emotional distress; and (3) violation of the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-101 *et seq*.

## Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

Defendant contends that Plaintiff's CCPA claim should be dismissed because it fails to allege deceptive trade practices with sufficient particularity and does not establish the elements of a CCPA cause of action. I disagree. According Plaintiff the benefit of all reasonable inferences, I conclude Plaintiff has alleged deceptive conduct with sufficient particularity to survive a motion to dismiss. Defendant is on notice of the conduct and circumstances underlying the claim, as described in Paragraph 11 of the Complaint.

In addition, I conclude that these allegations are sufficient to plausibly state a

claim under the CCPA. An essential element of a CCPA claim is the existence of a deceptive trade practice that "significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 146 (Colo. 2003). The relevant considerations in determining public impact are (1) the number of consumers directly affected by the challenged practice; (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice; and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future. *Id.* at 149. If Defendant indeed engaged in the conduct alleged in the Complaint, and such conduct amounted to a widespread practice affecting other insureds or recipients of workers' compensation benefits, Plaintiff's facts could plausibly establish the requisite "public impact" needed to state a claim under the CCPA. *See Brodeur v. American Home Assur. Co.*, 169 P.3d 139, 155-56 (Colo. 2007) (refusing to adopt a *per se* rule that deceptive trade practices in connection with the provision of workers' compensation insurance benefits has a public impact and reaffirming *Rhino Linings* public impact test).

Accordingly, it is ordered:

1. The Motion to Dismiss (doc no 4) is denied.

DATED at Denver, Colorado, on March 18, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge