**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 07-cv-2485-PAB-BNB**

BRADLEY DEWITT,

       Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

       Defendant.

---

**STIPULATED CONFIDENTIALITY ~~AGREEMENT AND~~ ORDER**

---

To expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and protect the confidentiality of proprietary documents produced or information disclosed, the production of which could harm Defendant's competitive standing, Plaintiff Bradley Dewitt and Defendant Liberty Mutual Insurance Company stipulate as follows:

The parties will follow the procedures set forth in this Stipulated Confidentiality Agreement and Order (the "Confidentiality Order" or "Confidentiality Stipulation") with respect to disclosure of information, documents, or things in this litigation:

**I.**     **Confidential Information.**

(a)     As used in this Confidentiality Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean proprietary information, documents, or things, that Defendant (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) to (c) below.

(b)    A party may designate any proprietary documents produced in response to Plaintiff's interrogatories or requests for production of documents as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon the first page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Confidentiality Order.

(c)    In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

(d)    Inadvertent production of any information, document, transcript, or thing without a designation of CONFIDENTIAL shall not in and of itself be deemed a waiver of any party's claim of confidentiality as to such matter. If any information, document, transcript, or thing claimed to be CONFIDENTIAL is inadvertently produced without that designation, the producing party shall notify the Recipient Party within a reasonable time. All parties shall use their best efforts to protect the confidentiality of that information. Upon receipt of notice that CONFIDENTIAL INFORMATION was produced inadvertently without an appropriate initial designation of confidentiality, the Recipient Party shall thereafter (1) treat such information as CONFIDENTIAL INFORMATION pursuant to the terms of this Confidentiality Order, and (2) shall use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL INFORMATION based upon the earlier mistaken view that such materials were not confidential.

(e)    CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

(i)    the attorneys for the Recipient Party in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

(ii)    officers, directors and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

(iii)    court reporters, court officials, and the jury involved in this litigation;

(iv)    experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a Confidentiality Agreement in conformity with this Stipulated Confidentiality Agreement and Order; and

(v)    any other non-party witnesses or deponents who have executed a Confidentiality Agreement in, conformity with this Stipulated Confidentiality Agreement and Order, or deponents who agree on the record to maintain the confidentiality of the material.

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this Confidentiality Order shall prevent the Designating Party from any use of its own confidential documents. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent. CONFIDENTIAL INFORMATION provided to a receiving party shall be securely maintained in the offices of that party's outside counsel. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe are

carefully delineated and designated confidential, and the recipient shall exercise due and proper

care with respect to the storage, custody, access and use of all such information. In addition, any

summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this

Confidentiality Order to the same extent as the information or document of which summary or

copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

(f)      CONFIDENTIAL INFORMATION may be copied or reproduced only to the

extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions

shall be subject to the terms of this Confidentiality Order.

(g)      If the Court orders that access to or dissemination of CONFIDENTIAL

INFORMATION shall be made to persons not included in paragraph 1(e) above, such

CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons

after they have executed a Confidentiality Agreement in conformity with this Stipulated

Confidentiality Agreement and Order, unless the Court rules otherwise.

**II.     No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the

procedures set froth in this Confidentiality Order shall not constitute a waiver of any trade secret

or any intellectual property, proprietary, or other rights to or in such information.

**III.    Use in Depositions.**

Material designated as CONFIDENTIAL may be used at a deposition if: (a) the counsel

for the party using such material advises the witness of the terms of this Confidentiality Order

and the witness agrees on the record to maintain the confidentiality of the material; or (b) the

witness executes a Confidentiality Agreement in conformity with this Stipulated Confidentiality

Agreement and Order. If the witness declines to execute the Confidentiality Agreement or

otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness.

**IV.    Use in Briefs and as Exhibits.**

Any discovery materials designated under this Protective Order as CONFIDENTIAL which are filed with the court for any purpose shall be filed in conformance with D.C.COLO.LCivR 7.3.

**V.    Application of the Confidentiality Order.**

(a)    This Confidentiality Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION.

(b)    Nothing in this Confidentiality Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION.  Agreement to the terms of this Stipulated Confidentiality Agreement is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

**VI.    Confidentiality Challenge.**

Plaintiff may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the object is made.  If the parties cannot resolve the objection

within ten (10) business days after the time the notice is received, it shall be the obligation of the party seeking the designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Confidentiality Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Confidentiality Order until the Court rules on the motion.

**VII.    Confidential Information at Trial.**

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Confidentiality Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Confidentiality Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation, objections concerning admissibility, materiality, and privilege. The parties to this Confidentiality Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial. Special procedures or in camera treatment, if any, shall be determined in the future.

**VIII.    Specific Disclosure.**

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this Confidentiality Order regarding other uses of that CONFIDENTIAL INFORMATION.

**IX.    Modification.**

This Stipulated Confidentiality Agreement and Order may be modified only by Order of the Court.

**X.    Return or Destruction of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION the parties produced during the case, and all copies of such CONFIDENTIAL INFORMATION.

Respectfully submitted this _3rd_ day of December 2008.

AGREED:

                                                ROTHGERBER JOHNSON & LYONS LLP


_s/ Marilee E. Langhoff_                         _s/ Brian J. Spano_
Marilee E. Langhoff, Esq.                        Brian J. Spano, Esq.
6131 South Marion Way                            Hilary D. Wells, Esq.
Centennial, CO  80121                            1200 17th Street, Suite 3000
                                                 Denver, CO 80202

_Attorney for Plaintiff Bradley Dewitt_          _Attorneys for Defendant Liberty Mutual
                                                 Insurance Company_

THE FOREGOING STIPULATION IS HEREBY MADE AN ORDER OF THE COURT:

BY THE COURT:

Date: _December 17, 2008_    _____
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT

I, _____, hereby acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Order in the action, styled Bradley Dewitt v. Liberty Mutual Insurance Company, Civil Action No. 2007-cv-2485-PAB-BNB, in the United States District Court, for the District of Colorado (the "Protective Order"), that I have read the Protective Order, and that I agree to be bound by its terms. I further submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of this agreement.

_____

[PRINTED NAME]

_____

[SIGNATURE]

_____

[DATE]